## C. J. SCHMELZER, Respondent, v. ROBERT MONTGOMERY et al., Appellants.

**Kansas City Court of Appeals, February 2, 1914.**

1. **REAL ESTATE BROKERS: Employee: False Representations.** The owner of property was represented with the owner's knowledge in negotiating its sale by an employee in the office of the real estate brokers who were the owner's agents for its sale. It was held that such employee was the owner's agent and he was bound by the representations made by such employee concerning leases on the property and when possession could be had.

2. ————: **Advance Payment: False Representations.** If the contract for the sale of real estate fails of consummation by reason of the false representations of the owner's agent, the purchaser may recover back an advance payment on the purchase price made to the agent.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*H. E. Colvin* for appellants.

*McCune, Harding, Brown & Murphy* for respondent.

ELLISON, P. J.—This is an action to recover back $500 advance payment of purchase price of real

property in Kansas City, Missouri.  The judgment in the trial court was for plaintiff.

It appears that plaintiff entered upon negotiation for the purchase of the property from defendant Montgomery, the owner, and that the latter was represented by his agents, the defendant Nichols and one McCarthy.  Plaintiff charges that the agents to induce him to enter into a contract of sale, in February 1909, misrepresented the condition of the property with reference to a lease and when possession could be had. That they represented to plaintiff that the property was subject to a lease at rental of fifty dollars per month, which could be terminated in ninety days, that is, in May 1909, whereas in truth there were two leases, one at thirty dollars per month rental, terminating July 1, 1909, and the other beginning on that date at fifty dollars per month rental which could be terminated on giving ninety days' notice.  In consequence of this, the sale was not consummated, leaving the five hundred dollars for which this action was brought in the hands of the agent Nichols aforesaid.

The question whether the representations were made as to the leases was pointedly submitted to the jury and as there was substantial evidence to uphold the verdict, we must, under familiar rules of law, accept it as concluding that question.  No instructions were refused for either side save a demurrer by defendants, and the issue was clearly defined in those given.

But the person who chiefly figured in the negotiation with plaintiff was McCarthy and defendants say he was not the owner's agent nor was he the agent of defendant Nichols.  There was substantial evidence to show that McCarthy, while perhaps not a partner of Nichols, yet he was an employee in his office who acted for him in the sale of lands.  This seems to have been so satisfactorily established that defendant did not ask an instruction on the subject.  And counsel for

defendant stated at the trial that the issue under the pleading was whether misrepresentations were made.

The judgment was manifestly for the right party and it is affirmed. All concur.